IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

CRISTEN BASSETT,                         )
                                         )
            Plaintiff,                    )          2:26-CV-00664-MJH
                                         )
                                         )
     vs.                                 )
                                         )
                                         )
GOLDEN RULE INSURANCE                    )
COMPANY, A UNITED HEALTHCARE             )
COMPANY; AND  UNITED
HEALTHCARE SERVICES, INC.,

            Defendants,

OPINION AND ORDER

Plaintiff, Cristen Bassett, brings the within action against Defendants, Golden Rule

Insurance Company, A United Healthcare Company; and United Healthcare Services, Inc.

("UHS") for breach of contract (Count I), and statutory bad faith pursuant to 42 Pa.C.S. § 8371

(Count II) regarding her claims for health insurance coverage.  (ECF No. 1-4).  UHS moves for

dismissal pursuant to Fed. R. Civ. P. 12(b)(6).  The matter is now ripe for decision.

Upon consideration of Ms. Bassett's Complaint (ECF No. 1-4), UHS's Motion to

Dismiss (ECF No. 13), the respective briefs (ECF Nos. 14 and 17), and for the following

reasons, UHS's Motion to Dismiss will be denied.

I.      Background

Ms. Basssett alleges that, between November 15, 2023, and August 10, 2024, Golden

Rule Insurance Company ("Golden Rule") and UHS insured her on a short-term, limited duration

medical expense certificate.  (ECF No. 1-4 at ¶ 6).  On February 12, 2024, Ms. Bassett was

diagnosed with metastatic breast cancer. *Id*. at ¶ 10. Plaintiff received initial treatment for her

breast cancer between February 12-16 of 2024. *Id*. at ¶ 11. On or about February 23, 2024, Ms. Bassett began a treatment regimen; however, she could not receive all of the recommended treatment due to an "insurance delay," such that her treatment did not begin until May 1, 2024. *Id*. at ¶ 12.     Ms. Bassett has averred claims for breach of contract and bad faith due to UHS and Golden Rule's alleged failure to timely authorize medical care and pay some or all of the benefits owed to her under the subject policy.

II.     Relevant Standard

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

The Supreme Court clarified that this plausibility standard should not be conflated with a higher probability standard. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be

2

enough to raise a right to relief [*5] above the speculative level." *Twombly*, 550 U.S. at 555. A pleading party need not establish the elements of a prima facie case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (quoting *Graff v. Subbiah Cardiology Assocs. Ltd.*, 2008 U.S. Dist. LEXIS 44192, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997). The primary question in deciding a motion to dismiss is not whether the plaintiff will ultimately prevail; but rather, whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000). The purpose of a motion to dismiss is to "streamline[] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

III.    Discussion

UHS argues that Ms. Bassett has a failed a state a claim for breach of contract because Golden Rule, and not UHS, was the insuring entity on the subject medical expense certificate. Thus, UHS maintains that it cannot be held liable for breach of contract where a contractual relationship between Ms. Bassett and UHS does not exist.  In the same vein, UHS argues that, because it is not the insurer, it cannot be held liable for bad faith.

Ms. Bassett contends that UHS's motion is premature because she has not yet had the opportunity to develop record evidence of UHS's status as a de-facto insurer or master of Golden Rule.

"Clearly one cannot be liable for breach of contract unless one is a party to that contract."*Lockhart v. Federal Ins. Co.*, 1998 WL 151019, at *3 (E.D. Pa. Mar. 30, 1998) (citation omitted). "[A]n action for bad faith under  42 Pa.C.S.A. § 8371 can only be brought against an 'insurer.' " *Brown v. Progressive Ins. Co.*, 860 A.2d 493, 498 (Pa.Super. 2004). The determination of who is the insurer for a bad faith claim is a question of fact, "to be determined both by examining the policy documents themselves, and by considering the actions of the company involved." *Id.* Courts consider two factors: "(1) the extent to which the company was identified as the insurer on the policy documents; and (2) the extent to which the company acted as an insurer." *Id.*

Here, Ms. Bassett sufficiently alleges a contractual relationship with UHS and that UHS was the insurer.  In particular, her Complaint alleges that "[b]etween November 15, 2023 and August 10, 2024 Plaintiff was insured by Golden Rule and United Healthcare via short-term, limited duration health insurance ("Golden Rule Policy") issued to Plaintiff under Policy ID Number 097077594."  (ECF No. 1-4 at ¶ 6).  Ms. Bassett also alleges that Golden Rule is owned and operated by UHS and that UHS administered the insurance policy purchased by Plaintiff.  *Id.* at ¶¶ 2-3.  At this stage, such averments sufficiently allege a contractual relationship and UHS's status as an insurer.  Therefore, the Court concurs that UHS's motion is premature.

Accordingly, UHS's Motion to Dismiss will be denied.

4

IV.     Conclusion and Order

For the reasons stated, UHS's Motion to Dismiss is denied.  UHS shall file its answer on or before August 10, 2026.

DATED this 27th day of July, 2026.

BY THE COURT:

MARILYN J. HORAN
United States District Judge